# No. 16,607.

MORENO *v.* COMMERCIAL SECURITY BANK ET AL.

(240 P. [2d] 118)

Decided January 14, 1952.

12

Mr. John W. Elwell, for plaintiff in error.

Messrs. Seavy & Seavy, for defendant in error bank.

Mr. William L. Lloyd, for defendant in error Pueblo.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiff in error is an unsuccesful petitioner for intervention on his own behalf as a taxpayer and for all other taxpayers similarly situated. The action in which he sought to intervene was filed by Commercial Security Bank, a Utah corporation, as holders of certain refunding bonds, issued by the City of Pueblo and its city commissioners, city treasurer and city controller, in which the issue was for a determination of what disposition should be made of funds then in the hands of the city as trustee of collections made from assessments in special improvement districts, which funds are held in what is designated as Refunding Improvement Bond Fund, all by virtue of a city ordinance passed and approved by the city council of Pueblo on October 24, 1938 and known as ordinance No. 1373.

The case was at issue on January 13, 1950, and on March 25, 1950, plaintiff in error, for himself and all others similarly situated, filed a complaint in interven-

tion alleging himself to be a landowner and taxpayer in the territorial limits of Pueblo and also in a certain district known as "Storm and Sanitary Sewer District 'B';" Further, that defendants claimed some right of title upon his lands by virtue of certain ordinances of the City of Pueblo, which were approved without a vote of qualified electors, and are ultra vires. He further alleged that Pueblo officials, by threats of foreclosure and duress have illegally compelled him and others similarly situated, to pay money into the treasury, which has been held in the Refunding Improvement Bond Fund; and he then prayed for injunction against attempting to make further collections under assessments by the Storm and Sanitary Sewer District 'B'. After argument, the motion to intervene was allowed.

On April 4, 1950, plaintiff in error filed a motion to disqualify the trial judge. Upon filing of this motion the trial judge sua sponte overruled the motion and further, vacated the order allowing intervention and dismissed the complaint in intervention without prejudice to the bringing of an action against either of the parties litigant.

■■ Plaintiff in error specifies nine points for reversal, the last seven of which are directed to matters occurring in the trial after his petition for intervention was denied and dismissed, and relate to issues and rulings and orders in the main case, to which he was not a party, and therefore will not receive further consideration on this writ of error. The only matters we deem it necessary to consider and discuss are the court's ruling in denying the right to intervene and the denying of the motion for a change of judge. The motion to disqualify the judge is supported by the affidavit of counsel for the intervener and in substance states that the Honorable Harry Leddy had prejudged the issues against the interests of the intervener and the class he represents and is therefore prejudiced. It further appears that affiant's belief is predicated upon adverse rulings in a former

14

case, that of *Flanders v. Pueblo,* which was considered by this court under writ of error and the trial court's judgment affirmed without written opinion and is thus reported in 118 Colo. 316, 194 P. (2d) 910.

■ In our opinion, the showing made by the motion and the affidavit is insufficient. It is only natural to presume that the trial judge would adhere to his former rulings which were right as disclosed by the affirmance by this court. "A holding of a trial judge is not evidence of his disqualification to try the case, on the ground of prejudice, where the appellate court reaches the same conclusion on the merits." 30 Am. Jur., p. 797, §91.

■ It is stated in the concluding paragraph of the affidavit that the affiant is of the opinion that the judge has no personal animosity against the interveners or tax-payers as a class, and the belief of the affiant that said judge is prejudiced is based solely and entirely upon the quotations from the remarks of the judge in the former case. In *Benedict v. Seiberling,* 17 F. (2d) 831, at page 836, we find, "The affidavit is efficacious only when it charges that the judge has a *personal* bias or prejudice either against affiant or in favor of any opposite party to the suit, and it must state the facts and reasons for the belief that such personal bias or prejudice exists." Citing many cases. The petitioner, plaintiff in error here, had no objections to the trial judge based upon his petition for intervention in the first instance. The specification of error on this point is not well taken.

■ By the petition in intervention the petitioner sought to have determined the validity of city ordinances relating to the special improvement district and the levy and collection of assessments thereunder. He did not take the suit as he found it, but sought to change the issues. It is the duty of courts to respect the integrity of the issues raised by the pleadings between the original parties and to prevent the injection of new issues by intervention. In this case, the issues sought to be raised by the attempted intervention had long since been held

adversely to this petitioner in the case of *Flanders v. Pueblo, supra,* wherein the matters involved relative to the necessity for the adoption of ordinance No. 1373, supra, and the creation of the refunding. improvement bond fund were definitely settled and approved by this court, and it was determined that the interests of the then complaining party and the interests of those he represented, were not, and would not be, adversely affected and would suffer no increase in taxation; and, further, that the bonds issued by the special improvement districts were surrendered by the holders thereof and the bonds of the refunding improvement bond fund were not general obligations of the municipality; furthermore, in that opinion rendered June 14, 1948, it was then finally determined that plaintiff's claim against individual defendants was barred by both the six and three-year statute of limitations. This present attempted intervention to spearhead an attack upon the validity of the ordinance came approximately twelve years after the date of the ordinance and four years after the maturity of all of the bonds created thereunder.

When, on the face of the petition, it appeared that these questions were again raised before a trial judge thoroughly familiar with the fact that such questions had long since been adversely determined against the petitioner and, further, when it appeared that petitioner sought to change the issue in the case as he found it, there was no error in vacating the original order allowing the intervention and dismissing the petition, especially so when the dismissal was without prejudice to proceed independently against any of the parties involved.

We now come to the final question of the right of the one denied intervention to appeal the main judgment. This judgment was not a judgment against plaintiff in error because he was not a party to it, and therefore he is precluded. 4 C.J.S. 364. The only appeal open

16

to this petitioner is from the order denying his right to intervene, which we have herein discussed.

In accordance with these views, the judgment of the trial court is affirmed.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE ALTER concur in the result.

MR. JUSTICE STONE and MR. JUSTICE MOORE not participating.